UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIK A. ZARINS and
JOHN K. KASTE,

    Defendants.

Case No. 18-CR-218

[18 U.S.C. § 1349]

## INDICTMENT

### Count 1: Conspiracy to Commit Mail and Wire Fraud

**THE GRAND JURY CHARGES:**

1. Beginning in approximately April 2013, and continuing thereafter until approximately February 27, 2014, in the State and Eastern District of Wisconsin, and elsewhere,

**ERIK A. ZARINS and JOHN K. KASTE,**

the defendants herein, and another, M.P., knowingly conspired, among themselves and with others, to commit offenses against the United States, namely mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343, by conspiring to defraud American Family Insurance through a scheme to defraud that involved material misrepresentations, the concealment of material facts, and the use of the United States mails, commercial interstate carriers, and interstate wires.

## Conspiracy to make false insurance claim

2. The essence of this conspiracy was to purchase a luxury vehicle with the intent to obtain auto insurance covering theft of that vehicle, export the vehicle, and submit a false vehicle-theft claim to the auto insurer with intent to fraudulently obtain theft-loss reimbursement payments from the auto insurer on the false claim, including payments for the value of the vehicle and vehicle contents as well as payments for use of a rental car.

3. As a part of the conspiracy:

   a. Zarins and M.P. purchased a Mercedes-Benz GL550 in Zarins' name from a dealership in the State of Iowa;

   b. Zarins obtained auto insurance on the vehicle, including insurance covering theft losses, from an American Family Insurance agent in Neenah, Wisconsin;

   c. Kaste caused the vehicle to be shipped from the dealership in the State of Iowa to Milwaukee, Wisconsin;

   d. M.P. caused the vehicle to shipped from Wisconsin to the Port of New York and New Jersey, from where it was exported to China;

   e. Zarins and Kaste made a false police report to the Chicago Police Department that the vehicle had been stolen from Zarins in Chicago;

   f. Zarins and Kaste made materially false statements to insurance investigators that the vehicle had been stolen from Zarins in Chicago.

   g. Zarins caused false theft-loss claims to be sent by the United States mail to the auto insurer's representative in Milwaukee, Wisconsin;

   h. Zarins and Kaste prepared false testimony that Zarins expected to give during questioning by the insurer's representative; and

2

          i.        Zarins, Kaste, and M.P. planned to split any proceeds paid by the insurer on that false theft-loss claim.

4. As a result of the conspiracy, Defendants Zarins and Kaste fraudulently caused American Family Insurance:

    a.    to conduct an investigation into the claim;

    b.    to hire an attorney, R.B., to assist the insurance company in conducting that investigation; and

    c.    to pay approximately $600 to Enterprise Rent A Car, on or about September 18, 2013, via interstate mailing, to pay for a rental car for Zarins to use.

All in violation of Title 18, United States Code, Section 1349.

3

## Forfeiture Notice

5. Upon conviction of the conspiracy offense, in violation of Title 18, United States Code, Section 1349, Defendant Erik Zarins shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense.

6. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

Dated: 11/20/18

MATTHEW D. KRUEGER
United States Attorney

4